Johnny Lee BARNES, Plaintiff—
Appellant,

v.

Cal A. TERHUNE, Director of CDC,
Defendant—Appellee.

No. 03-15098.
D.C. No. CV-00-02524-PJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Sept. 29, 2004.

Before OAKES,* KLEINFELD, and
CALLAHAN, Circuit Judges.

MEMORANDUM **

We affirm the district court's denial of
Barnes's petition for habeas corpus.

---

* The Honorable James L. Oakes, Senior Circuit
Judge of the United States Court of Appeals
for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36-3.

First, the state court did not unreasonably apply clearly established federal law, as determined by the Supreme Court, when it found that the state had rebutted the presumption that a juror's ex parte communications prejudiced Barnes.[1] The state court granted Barnes the benefit of a presumption of prejudice, even if it was not required.[2]

■ Second, the state court did not unreasonably determine the facts, in light of the evidence presented, in finding that the ex parte communications did not prejudice Barnes.[3] The state court found the presumption of prejudice rebutted by evidence that (1) the juror's demeanor had already changed the day before his ex parte communications, (2) the juror did not immediately return the morning after his improper conversations and disavow his prior position, (3) the juror did not take the opportunity to express a dissent when polled following the verdict, and (4) the sentiments expressed by the juror's friends in his ex parte communications were the same sentiments expressed in the jury room.

■ Third, the state court did not unreasonably apply clearly established federal law, as determined by the Supreme Court, when it found that the state had rebutted the presumption that Barnes was prejudiced by jurors who presented personal "expert" testimony during deliberations.[4] There is no Supreme Court precedent establishing that jurors' past personal experiences are an inappropriate part of the jury's deliberations.

■ Finally, the state court did not unreasonably determine the facts, in light of the evidence presented, in finding that jurors' "expert" testimony did not prejudice Barnes.[5] The state court found that any information presented by jurors during deliberations was either general opinions or specialized knowledge that was not prejudicial because it was substantially the same information as what came out during the trial.

AFFIRMED.

---

1. 28 U.S.C. § 2254(d)(1).

2. See Rushen v. Spain, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); Remmer v. United States, 350 U.S. 377, 76 S.Ct. 425, 100 L.Ed. 435 (1956).

